UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

Case No. DG 10-13592

BRIAN B. HOPKINS,                                       Hon. Scott W. Dales

Chapter 7

Debtor.

_____/

OPINION AND ORDER REGARDING SALE MOTION

PRESENT:      HONORABLE SCOTT W. DALES
United States Bankruptcy Judge

Brian Hopkins (the "Debtor") owned B&D Enterprises, LLC, a single-member Michigan limited liability company (the "LLC"). Upon the Debtor's personal bankruptcy filing, Chapter 7 Trustee John A. Porter (the "Trustee") succeeded to his 100% membership interest in the LLC pursuant to 11 U.S.C. § 541(a). The LLC owns real property commonly known as 425 S. Stewart, Big Rapids, Michigan (the "Property").[1] The Trustee filed a Motion for Order Approving Sale of Property Pursuant to 11 U.S.C. § 363(b) & (f) (the "Motion," DN 29), which the court heard on January 25, 2012 in Grand Rapids. In the Motion, the Trustee seeks an order authorizing him to sell the Property free and clear of liens or other interests pursuant to 11 U.S.C. § 363(f), and requests that the court waive the fourteen-day stay pursuant to Fed. R. Bankr. P. 6004(h).

At the hearing, the court found that although the Debtor's interest in the LLC was part of the bankruptcy estate, the Property held by the LLC was not. *See* 11 U.S.C. § 541(a)(1). Therefore, the court declined to authorize the Trustee to sell the Property "free and clear" of liens and interests under 11 U.S.C. § 363(b) & (f). As the court noted at the hearing, a member in a Michigan limited liability company, even a sole member, "has no interest in specific limited liability company property." *See* M.C.L. § 450.4504(2). This explains why the Debtor scheduled his membership interest in the LLC on

_____

[1]The Property is formally described as "Lot 7, except the North 28 feet, and all of Lot 8, Block 37, Warren and Ives Plat (Original Plat) of the Village (now City) of Big Rapids, County of Mecosta, State of Michigan, according to the recorded plat thereof. Also, the West ½ of the vacated alley lying East of and adjacent to said description."

Schedule B, but did not schedule the Property on Schedule A.  *See id.* § 450.4504(1) ("A membership interest is personal property . . .").[2]

Because the Property itself is not included within the bankruptcy estate, the court does not have the authority to issue orders authorizing its sale under 11 U.S.C. § 363(b).  Additionally, because 11 U.S.C. § 363(f) and Fed. R. Bankr. P. 6004(h) only apply to the sale of estate property, neither would pertain to the Trustee's proposed transaction. For these reasons, and to this extent, the court is constrained to deny the Motion.

Nevertheless, as the court noted at the hearing, no interested party objected to the Motion. Therefore, to the extent applicable law authorizes the Trustee to cause the LLC to sell the Property, the court will acknowledge the Trustee's authority to effectuate the sale. To this end, the court will regard its order as binding on all entities that had notice and an opportunity to object to the Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Trustee is authorized to act as the sole member of B&D Enterprises, LLC, and, to the extent applicable law authorizes, may cause the LLC to sell the Property to Gayle Grix for $9,800.00.

IT IS FURTHER ORDERED that, to the extent applicable law authorizes, at the closing of the sale of the Property, the Trustee shall pay from the sale proceeds, without further order of the court, the real estate broker's commissions, any outstanding taxes on the Property, any liens or encumbrances and any other costs and expenses needed to close the sale, including real estate transfer taxes.

IT IS FURTHER ORDERED that, to the extent applicable law authorizes, the Trustee as the sole member of the LLC may distribute to the LLC's creditors the net sale proceeds.

IT IS FURTHER ORDERED that if any proceeds remain after the payments contemplated above, and if the LLC distributes the remaining proceeds to the Trustee pursuant to applicable law, then the

---

[2] As an aside, the same principle applies to corporate property: a corporation has a separate legal existence from its shareholders, and the corporation, not its shareholders, owns the corporate assets. *See Hollins v. Brierfield Coal & Iron Co.*, 150 U.S. 371, 383 (1893) ("[A corporation] holds its property as any individual holds his, free from the touch of a stockholder who, though equitably interested in, has no legal right to, the property."); *Flint Cold Storage v. Dep't of Treasury*, 776 N.W.2d 387, 397 (Mich. Ct. App. 2009) (*citing Bourne v. Sanford*, 41 N.W.2d 515, 522 (Mich. 1950) *and Montgomery v. Cent. Nat'l Bank & Trust Co. of Battle Creek*, 255 N.W. 274, 276 (Mich. 1937)).

Trustee may treat the proceeds so distributed as property of the estate, and dispose of them in accordance with the U.S. Bankruptcy Code.

IT IS FURTHER ORDERED that this Order shall take effect immediately upon entry.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Brian B. Hopkins, C. Erik Holt, Esq., Joseph A. Lucas, Esq., John A. Porter, Esq., Chapter 7 Trustee, the United States Trustee, and all parties listed on the Debtor's mailing matrix.

END OF ORDER

**IT IS SO ORDERED.**

**Dated February 2, 2012**



Scott W. Dales
United States Bankruptcy Judge